IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN LEE JORDAN                                                                PETITIONER

VS.                                                        CIVIL ACTION NO. 3:19cv685-CWR-FKB

WARDEN C. RIVERS                                                               RESPONDENT

## REPORT AND RECOMMENDATION

John Lee Jordan is a federal prisoner serving a 235-month sentence at the Federal Correctional Complex in Yazoo City, Mississippi. He brought this action pursuant to 28 U.S.C. § 2241 challenging his conviction. The undersigned recommends that the petition be denied.

In 1992, Jordan was stopped by law enforcement for speeding. After spotting a loaded magazine in the front seat, the officer searched the car and found a firearm under the driver's seat. Jordan was tried and convicted in this court of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] He was given an enhanced sentence pursuant to 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act, which mandates a minimum sentence of 15 years. Jordan appealed, and the Fifth Circuit Court of Appeals affirmed. *United States v. Jordan*, 1995 WL 449732 (5th Cir. 1995). On June 27, 1996, Jordan filed his initial motion to vacate under 28 U.S.C. § 2255. *Jordan v. United States*, 3:96cv482-HTW (S.D. Miss.). The court denied relief. Thereafter he filed two additional motions under § 2255; both were denied.

---

[1] Section 922(g) makes it unlawful for certain individuals to possess firearms. It lists nine categories of persons subject to the prohibition, one of which is convicted felons. Section 924(a)(2) provides that anyone who knowingly violates § 922(g) shall be fined or imprisoned for up to ten years.

In his § 2241 petition, Jordan argues that pursuant to the recent Supreme Court case of *Rehaif v. United States*, 139 S.Ct. 2191 (2019), his conviction is no longer valid. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that the defendant knowingly violated each of the material elements of § 922(g), *i.e.,* that he knowingly possessed a firearm and that he knew he belonged to the relevant category of persons prohibited from doing so. 139 S.Ct. at 2200. Thus, Jordan contends that in his case, the government was required to prove, and the jury to find, that he knew both that he possessed a firearm and that he was a convicted felon. Montgomery argues that his conviction is invalid because the jury never considered the issue of whether he possessed the firearm with the knowledge that he was a convicted felon.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). A federal prisoner may challenge his conviction under § 2241 only if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate where (1) a petitioner's claim is based upon a retroactively-applicable Supreme Court decision; (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion; and (3) the decision establishes that the petitioner may have been convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

2

Respondent concedes that under Fifth Circuit law, Jordan has made a *prima facie* case that his *Rehaif* claim meets these requirements. The undersigned agrees. It is well-established in the Fifth Circuit that a new Supreme Court case interpreting a federal statute that substantively defines a criminal offense applies retroactively. *Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010)). Thus, Jordan's *Rehaif* claim meets the first prong of the savings clause. Furthermore, the claim would have been foreclosed by Fifth Circuit precedent prior to *Rehaif*. *See United States v. Dancy*, 861 F.2d 77, 80-82 (5th Cir. 1988). Finally, the *Rehaif* decision establishes that Jordan may have been convicted of a non-existent offense, *i.e.*, the offense of being a felon in possession of a firearm but without the knowledge that he was a convicted felon. Thus, Jordan has met the requirements of § 2255(e).

Respondent contends that Jordan's claim is nevertheless barred because he has defaulted it, in that he failed to raise it at trial and on direct appeal. Jordan does not challenge Respondent's representation that he never raised this claim earlier. Where a petitioner has defaulted a claim by failing to raise it on direct review, that claim may be raised in a habeas petition only if the petitioner can first demonstrate either cause for the default and prejudice resulting from the error, or that he is actually innocent of the crime of conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)).

Jordan cannot meet the cause-and-prejudice exception because he has failed to establish cause for his failure to raise his claim at trial and on direct review. Cause in

the context of procedural default normally consists of some objective factor, external to the petitioner, that impeded his ability to raise the issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Jordan has not identified any external impediment to his assertion of his argument on direct review. Rather, he contends that the fact that the governing Fifth Circuit law at the time rendered his assertion of his claim futile constitutes cause for his default. This argument is without merit. Futility cannot constitute cause for procedural default unless the argument would have been so novel that its legal basis would not have been reasonably available. *See Bousley*, 523 U.S. at 622-23. The basis of the decision in *Rehaif* was not novel. To the contrary, as the Supreme Court stated in its opinion, the holding in *Rehaif* was based upon clear precedent and the plain language of the statute. *Rehaif*, 139 S.Ct. at 2196-97. Several years before the *Rehaif* decision, then-Judge Gorsuch, now Justice Gorsuch, stated in his concurring opinion in *United States v, Games-Perez*, 667 F.3d 1136 (10th Cir. 2012), that the plain language of the statute compelled the conclusion that the "knowingly" requirement applied to both possession and status. *Games-Perez*, 667 F.3d at 1142 (Gorsuch, J., concurring in judgment). And, obviously, the legal basis for such an argument was reasonably available, as it had been made before. *See Dancy*, 861 F.2d at 81. In short, that assertion of the argument would have been futile prior to the *Rehaif* decision does not constitute cause for Jordan's default. As the Supreme Court stated in *Bousley*, "[F]utility cannot constitute cause if it means simply that a claim 'was unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S.at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130, n. 35 (1982)).

4

The only remaining route around the procedural bar is through the "actual innocence" gateway.  Actual innocence is a narrow exception to the procedural default rule and is reserved for extraordinary cases of manifest injustice.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In order for the exception to apply in this case, Jordan must show that it is more likely than not, in light of all the evidence, that no reasonable juror, properly instructed as to the law, would have found him guilty.  *See id.* at 327-28.  At the time of the offense, Jordan had at least four prior felony convictions:  Three 1985 state court convictions for drug offenses, for which he was sentenced to three years each; and a 1985 state court conviction for a drug offense for which he was sentenced to ten years.   [13-1] at 1-4; [13-3] at 6.  He has offered no explanation as to how he could have been unaware of these convictions.  Furthermore, during his testimony at trial, Jordan essentially admitted that at the time of the offense he knew his status.  Jordan's defense was that someone else had left the magazine and firearm in his car.  He testified that while he had been aware of the magazine in the car, he had not known about the presence of the firearm until it was found in the search.  Thereafter, the following exchange took place:

> Defense counsel:  Okay.  Now, at the time you discovered the magazine, did you make any – any search or anything yourself to find the gun?
>
> Jordan:  Well actually, when I seen the magazine, you know, I assumed that it could have been a pistol in there.  But, you know, I didn't search for it because, you know, I had been drinking and I really wanted to get – if there was a pistol in the car, I know I ain't supposed to have a gun at no given time, because I am a convicted felon.

[13-2] at 5-6. In short, Jordan has failed to make a credible showing of actual innocence.

5

Jordan has procedurally defaulted his claim, and he has failed to establish the applicability of any exception to the procedural default rule. Accordingly, this court cannot consider the challenge to his conviction. For this reason, the undersigned recommends that habeas relief be denied and the petition dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of June, 2020.

/s/ F. Keith Ball  
United States Magistrate Judge