IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN LEE JORDAN                                                                                      PLAINTIFF

V.                                                                         CAUSE NO. 3:19-CV-685-CWR-FKB

WARDEN C. RIVERS                                                                                  DEFENDANT

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is plaintiff John Lee Jordan's Petition for Writ of Habeas Corpus. Docket No. 1. On June 3, 2020, Magistrate Judge F. Keith Ball, entered a Report and Recommendations, recommending the Court deny the petition. Docket No. 16. On review, the Report and Recommendations will be adopted.

The Court has reviewed the report and Jordan's objections. Docket No. 25. Jordan asserts that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), provides him relief. In *Rehaif*, the Court held that in 18 U.S.C. § 922(g), the word "knowingly" applies to the possession element in the statute, as well as the status "element." *Id.* at 2196. Thus, in order to convict a person under 18 U.S.C. § 922(g), "the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

The report recommends that Jordan's petition be denied "as Jordan has procedurally defaulted his claim and he has failed to establish the applicability of any exception to the procedural default rule." Docket No. 16 at 6. In his objection, Jordan asserts that the argument that a defendant needs to specifically know his status is novel, implying that futility should constitute cause for his procedural default. However, as the report stated, "as the Supreme Court stated in its opinion, the holding in *Rehaif* was based upon clear precedent and the plain language of the

statute." Docket No. 16 at 4; citing *Rehaif*, 139 S.Ct. at 2196-97. This Court does not find the report to be clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72. Thus, the Report and Recommendations will be adopted. A separate Final Judgment will issue.

**SO ORDERED**, this the 9th day of June, 2021.

> s/ Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE